IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNIE E. LARSON, | ) | Civ. No. 09-00308 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO STRIKE ANSWER |
| vs. | ) | AND PLAINTIFF'S MOTION FOR |
| | ) | ENTRY OF DEFAULT |
| | ) | |
| LIBERTY MUTUAL FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Before the Court is Plaintiff's Motion to Strike Answer and Plaintiff's

Motion for Entry of Default.  After careful consideration of the motions, the

supporting and opposing memoranda, and the attached documentation, Plaintiff's

motions are DENIED.[1]

Plaintiff filed his Complaint in the instant case on July 7, 2009.  (Opp.

at 2, Oct. 5, 2009.)  On August 5, 2009, the Complaint was served on Corporation

Service Company dba CSC Lawyers Incorporating Service ("CSC") in

Sacramento, California.  (Id. at 3.)  CSC forwarded the Complaint to Defendant's

---

[1] Pursuant to Local Rule 7.2(d), the Court decides Plaintiff's Motion to Strike Answer and Motion for Entry of Default without a hearing.

principal place of business, which is in Boston, Massachusetts.  (Id.)  Upon receipt

of the Complaint, Defendant retained Hawaii counsel.  (Id.)  Defendant had until

August 25, 2009 to file its Answer.  (Id.)  Defendant claims, however, that due to a

calendaring error by Defendant, Defendant did not advise Hawaii counsel of the

date of service.  (Id.)  Defendant also claims that because the Process Receipt and

Return was not filed until August 25, 2009, Hawaii counsel was unable to ascertain

when service had occurred.  (Id. at 8.)  Defendant claims that once the Process

Receipt and Return was filed, and the date of service ascertained, Hawaii counsel

filed the Answer on August 31, 2009.  (Id. at 4.)

On September 8, 2009, Plaintiff filed a Motion to Strike Defendant's

Answer on the ground that it was untimely filed.  (Doc. #9.)  On October 13, 2009,

Plaintiff filed a Motion for Entry of Default on the same ground.  (Doc. #17.)

The Court finds that although Defendant's Answer was untimely,

Defendant's conduct was not culpable and Plaintiff did not suffer any prejudice as

a result therefrom.  See Cont'l Ins. Co. v. Carib Link, S.A., Civ. No. 06-22917,

2007 U.S. Dist. LEXIS 70534, at *2 (S.D. Fla., Sept. 24, 2007) (denying the

plaintiff's request to strike the defendant's untimely answer because "the

defendant's answer was only three days late, plaintiff [did] not allege[ ] any

prejudice as a result of the delay, the defendant acted in good faith and . . .

2

explained that the delay was due to a calendering error"); see also TCI Group Life

Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (noting that two of the

three factors for setting aside an entry of default are whether the defendant's

culpable conduct led to the default and whether setting aside default would

prejudice the plaintiff).  The Process Receipt and Return was not filed until the

date of the Answer deadline.  (Id. at 8.)  As a result of this delay and a calendaring

error, Hawaii counsel was unable to ascertain when service occurred and the

Answer due.  (Id.)  Upon learning the date of service, Hawaii counsel filed the

Answer.  (Id. at 4.)  Hawaii counsel filed the Answer a mere six days late and

before Plaintiff sought entry of default.  (Id.)  Hawaii counsel did not act in bad

faith and Defendant was not prejudiced by the late filing.

   Based on the foregoing, Plaintiff's Motion to Strike Answer and

Plaintiff's Motion for Entry of Default are DENIED.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, October 28, 2009.



   /S/ Barry M. Kurren
   Barry M. Kurren
   United States Magistrate Judge

Lonnie E. Larson v. Liberty Mutual Fire Insurance Co., et al., Civ. No. 09-00308 SOM-BMK;
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT.