IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNIE E. LARSON, | ) | CIVIL NO. 09-00308 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S ORDER DENYING |
| vs. | ) | PLAINTIFF'S MOTION TO STRIKE |
| | ) | ANSWER AND MOTION FOR ENTRY |
| LIBERTY MUTUAL FIRE INSURANCE | ) | OF DEFAULT |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE ANSWER AND MOTION FOR ENTRY OF DEFAULT

On November 6, 2009, Plaintiff Lonnie E. Larson filed a document with the title "Plaintiff's Objections To Magistrate's Order Denying Plaintiff's Motion To Strike Answer and Motion for Entry of Default."  This court notes that the procedure for filing "objections" to a Magistrate Judge's ruling applies when that ruling consists of Findings and Recommendations ("F&R").  An F&R issues when the Magistrate Judge is reviewing a matter that, if successful, disposes of a claim or a defense.  See Local Rule 742.  By contrast, when, as here, the Magistrate Judge's ruling is an order, not an F&R, the proper procedure for a party challenging that ruling is to file an appeal, not objections.  An order issues when the Magistrate Judge is reviewing a nondispositive matter.  See Local Rule 74.1  The ruling in issue here consisted of the denial of a motion for entry of default and the denial of a motion to strike the answer to the Complaint.

Both motions were premised on Defendant Liberty Mutual Fire Insurance Company's tardy filing of its answer to the Complaint. Arguably, the order denying the motion to strike was a dispositive order that should have been issued as an F&R rather than as an order...An F&R is reviewed *de novo*, while an order is reviewed for clear error. An order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083, (D. Haw. 2001)("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (quotations and citations omitted)); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000)(the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed"); accord United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992)("A finding of fact is clearly erroneous if we have a

definite and firm conviction that a mistake has been committed.").

As it turns out, the issue of whether the Magistrate Judge's ruling should be treated as an F&R reviewed *de novo* or an order reviewed for clear error is, in this instance, immaterial. The result would be the same. To the extent the Magistrate Judge's ruling should be construed as an F&R, the F&R is adopted. To the extent the Magistrate Judge's ruling is properly designated as an order, the order is affirmed.

Larson cites authorities and quotes passages from opinions that are inapplicable to the situation in issue here. For example, Larson cites *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811 (9th Cir. 1985), and *Franchise Holding II, LLC v. Huntington Restaurants, Inc.*, 375 F.3d 922 (9th Cir. 2004), for the proposition that a party is culpable if he has notice of the filing of an action and fails to answer. Those cases, however, involved motions to vacate default judgments. No analogous final judgment is in issue here, and no motion to vacate any default judgement was before the Magistrate Judge. Similarly, Larson misses the point in arguing that the Magistrate Judge violated Rule 6(b) of the Federal Rules of Civil Procedure in not requiring Liberty Mutual to file a formal motion for an extension of the time in which to file its answer to the Complaint. The Magistrate Judge's ruling concerned not an extension but Larson's

motions to strike the answer and to enter default. And in arguing that he need not show that Liberty Mutual's tardiness prejudiced him, Larson cites to inapposite cases concerning either the absence of a prejudice requirement when a party fails to plead fraud with particularity or the absence of a prejudice requirement when a party's has intentionally failed to file a responsive pleading.

Finally, Larson argues that, even if he must show prejudice, he was indeed prejudiced. Although he did not make this argument before the Magistrate Judge, he now says that he was prejudiced because Liberty Mutual's tardiness "cut in half Plaintiff's time within which to amend his Complaint, based on a timely filed Answer."  This argument is nonsensical.  Liberty Mutual's tardiness actually extended the time in which Larson could amend his Complaint without leave of court, as Larson could amend his Complaint as a matter of course at any time before Liberty Mutual served its answer.  *See* Fed. R. Civ. P. 15(a)(1)(A).  Once Liberty Mutual filed its answer, Larson could file an amended Complaint only with leave of court.  The deadline for seeking leave to amend has not even been set, no Rule 16 conference having yet been held.  Larson shows no prejudice.

Being unpersuaded by Larson's arguments, this court adopts the Magistrate Judge's ruling to the extent it should be

construed as an F&R, and affirms the ruling to the extent it is properly designated as an order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 10, 2009.



　　　　　　　　　　　　　　  /s/ Susan Oki Mollway
　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　Chief United States District Judge

Larson v. Liberty Mutual Fire Insurance Company; Civil No. 09-00308 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND MOTION FOR ENTRY OF DEFAULT