```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

LONNIE E. LARSON,              )    CIVIL NO. 09-00308 SOM/BMK
                               )
          Plaintiff,           )    ORDER GRANTING IN PART AND
                               )    DENYING IN PART DEFENDANT'S
     vs.                       )    MOTION TO DISMISS; ORDER
                               )    GRANTING IN PART AND DENYING
LIBERTY MUTUAL FIRE INSURANCE  )    IN PART PLAINTIFF'S
COMPANY,                       )    COUNTERMOTION FOR LEAVE TO
                               )    FILE THE AMENDED COMPLAINT
          Defendant.           )
_____)
```

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS; ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S COUNTERMOTION
FOR LEAVE TO FILE THE AMENDED COMPLAINT

I.   INTRODUCTION AND BACKGROUND.

Plaintiff Lonnie E. Larson alleges that he was struck by lightning while working for Altres Staffing, Inc. Larson seeks worker's compensation benefits for his resulting injuries. For some unknown reason, however, Larson has not completed the statutory worker's compensation process. Instead, Larson unsuccessfully attempted to get worker's compensation benefits from a special fund by suing the Director of the Department of Labor of the State of Hawaii in a previous case filed with this court. See Larson v. Ching, Civ. No. 08-00537 SOM/KSC. Larson now sues the worker's compensation insurance carrier for Altres, Defendant Liberty Mutual Fire Insurance Company, again seeking payment of worker's compensation benefits without having completed the administrative process.

On February 11, 2010, this court dismissed the original Complaint in this case. See Order Dismissing Complaint (Feb. 11, 2010) (Docket No. 42). The court ruled that, for purposes of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, Liberty Mutual is not a public entity. The court further ruled that, for purposes of Title III of the ADA, 42 U.S.C. § 12182, and with the exception of its physical office, Liberty Mutual is not a place of "public accommodation." Finally, to the extent the Complaint asserted retaliation in violation of the ADA, the court dismissed the retaliation claim because the Complaint lacked factual allegations supporting the claim. The court gave Larson leave to file an Amended Complaint containing the necessary factual allegations supporting a retaliation claim under the ADA. Under the primary jurisdiction doctrine, which allows this court to stay proceedings when issues are within the jurisdiction of and under consideration by an administrative agency with extensive regulatory powers over the matter and the parties involved, the court dismissed Larson's claims for breach of insurance contract, bad faith, and punitive damages. Although the court would normally stay a case under that doctrine, the court instead dismissed Larson's claims without prejudice because no party identified any prejudice that would arise from a dismissal while Larson pursued his

administrative worker's compensation claims.  <u>See</u> Order Dismissing Complaint (Feb. 11, 2010).

On March 1, 2010, Larson filed a First Amended Verified Complaint.  Larson's Amended Complaint does not merely assert a retaliation claim under the ADA (Count IV).  It reasserts the claims for breach of insurance contract (Count I), bad faith (Count III), and punitive damages (Count VI) that had earlier been dismissed under the primary jurisdiction doctrine.  The Amended Complaint also reasserts the dismissed claims for public entity and public accommodation discrimination in violation of Titles II and III of the ADA, 42 U.S.C. §§ 12132 and 12182 (Count IV).  The Amended Complaint adds a claim under the Medicare Secondary Payer Statute, 42 U.S.C. § 1395y, asserting that Liberty Mutual should have provided primary insurance coverage (Count II), and adds a claim for intentional infliction of emotional distress (Count V).

Except as set forth below, the court strikes Larson's Amended Complaint and denies Larson's countermotion to amend his Complaint to add the stricken claims.  The court declines to strike, denies the motion to dismiss, and allows Larson to amend his Complaint as necessary to proceed with the following claims: 1) retaliation under the ADA, 42 U.S.C. § 12203(a); 2) intentional infliction of emotional distress, to the extent based on the alleged retaliatory conduct; and 3) punitive

damages, to the extent sought for the alleged intentional infliction of emotional distress (collectively, the "Allowed Claims").

II.     EXCEPT WITH RESPECT TO THE ALLOWED CLAIMS, THE COURT STRIKES THE AMENDED COMPLAINT AND DENIES LARSON'S REQUEST TO AMEND HIS COMPLAINT.

Liberty Mutual seeks to have the previously dismissed and newly added claims stricken as not authorized by the leave to amend granted to Larson. Through his countermotion, Larson seeks permission to file these claims. Because Larson was not entitled to amend his Complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, Larson could amend his Complaint "only with the opposing party's written consent or the court's leave," which the court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Larson was given leave to amend the original Complaint to add sufficient factual detail to support his retaliation claim under the ADA (part of Count IV). Larson was not given leave to file the other claims asserted in the Amended Complaint. Larson should have sought leave to amend his Complaint to add these claims before filing the Amended Complaint. Because he did not do so, the court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, strikes all of the claims asserted in the Amended Complaint, except for the Allowed Claims. The court recognizes that striking claims is generally disfavored in the

absence of prejudice, see Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 555 (D. Haw. 1998), but nevertheless strikes certain claims to further the orderly progression of this case and to give effect to Rule 15(a)'s requirement that leave be sought before amending a complaint when a party is not entitled to amend the complaint as a matter of course. See, e.g., Davis v. Foster Farms Dairy, 2007 WL 114003 (E.D. Cal., Jan. 18, 2007).

Determinations as to whether to allow amendments to pleadings are left to the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted). In exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on the merits, rather than on technicalities or pleadings.'" In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original). Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman v. Davis, 371 U.S. 178, 182 (1962); Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor.

See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  The party opposing the motion for leave to amend bears the burden of establishing prejudice.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  However, if there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend.  See Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

Because adding the claims other than the Allowed Claims would be futile, the court denies Larson's motion for leave to file his Amended Complaint and strikes all claims other than the Allowed Claims from the already filed Amended Complaint.  To the extent the Amended Complaint reasserts claims for breach of insurance contract (Count I), bad faith (Count III), punitive damages based on the alleged failure to pay worker's compensation

benefits (Count VI), and public entity and public accommodation discrimination in violation of the ADA, 42 U.S.C. §§ 12132 and 12182 (Count IV), those claims are the same claims that were previously dismissed in the February 11, 2010, order.  It would be futile to grant Larson leave to amend his complaint to reassert these claims, and such amendments would prejudice Liberty Mutual by forcing it to relitigate issues that were previously determined by this court.

To the extent Larson now attempts to assert a public accommodation claim because Liberty Mutual has a physical office, Larson fails to sufficiently allege public accommodation discrimination in violation of Title II of the ADA because Larson fails to allege that he was discriminated against in his use or enjoyment of Liberty Mutual's physical office.  Title III of the ADA generally provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . . " 42 U.S.C. § 12182(a).  Larson's Amended Complaint alleges that Liberty Mutual has failed to timely pay worker's compensation insurance benefits, but does not allege that Larson was denied the "full and equal enjoyment" of Liberty Mutual's physical office.  Allowing Larson to amend his Complaint to add this claim would be futile, as the claim would be subject

to dismissal for failure to state a claim upon which relief can be granted.

To the extent Larson attempts to add a claim for intentional infliction of emotional distress based on Liberty Mutual's alleged improper failure to pay worker's compensation benefits, that claim is subject to dismissal based on the primary jurisdiction doctrine, as applied to Larson's other claims in the February 11, 2010, order.  Until Larson completes the administrative worker's compensation process, it would be futile to allow amendment of the Complaint to add such an intentional infliction of emotional distress claim.  To the extent, however, that Larson asserts an intentional infliction of emotional distress claim based on Liberty Mutual's alleged retaliation for Larson's exercise of ADA rights, that claim is not futile, and the court allows amendment of the Complaint to assert that derivative claim.  In allowing this limited intentional infliction of emotional distress claim to go forward, this court is not expressing any opinion about the validity of that claim. The court additionally notes that, if the retaliation claim is disposed of in favor of Liberty Mutual, the derivative emotional distress claim will also fail.

To the extent Larson seeks punitive damages for the alleged intentional infliction of emotional distress, the court allows that request for damages to go forward.  However, to the

extent Larson seeks punitive damages based on Liberty Mutual's alleged retaliation in violation of the ADA, the court strikes that claim and denies leave to amend the Complaint to add that claim.

The anti-retaliation provision of the ADA, 42 U.S.C. § 12203(a), provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." That section, however, does not specifically delineate the remedies for a violation of it. Instead, it refers to the remedies available under §§ 12117, 12133, and 12188. See 42 U.S.C. § 12203(c) ("The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively."). Punitive damages are not available for violations of any of those sections. See Barnes v. Gorman, 536 U.S. 181, 184-85, 190 (2002) (punitive damages not available under § 12133); Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1264-65 (9th Cir. 2009) (punitive damages not available under § 12117); Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006) (punitive damages not available

9

under § 12188); <u>Cole v. Natl. Collegiate Athletic Ass'n.</u>, 120 F. Supp. 2d 1060, 1072 n.10 (N.D. Ga. 2000) (punitive damages not available under § 12188).  It would be futile to allow amendment of the Complaint to allow a request for punitive damages for the alleged violation of § 12203(a).

To the extent the Amended Complaint seeks to add a claim under the Medicare Secondary Payer Statute, 42 U.S.C. § 1395y, asserting that Liberty Mutual should have provided primary insurance coverage, the amendment would be futile because Larson's allegations, even if true, do not "demonstrate" Liberty Mutual's responsibility for payment for items or services, which is a condition precedent to a § 1395y private cause of action. <u>See</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1309 (11th Cir. 2006) ("we conclude that an alleged tortfeasor's responsibility for payment of a Medicare beneficiary's medical costs must be demonstrated before an MSP private cause of action for failure to reimburse Medicare can correctly be brought under section 1395y(b)(3)(A)"); <u>accord</u> <u>Brokovich ex rel United States v. Scripps Health</u>, 2006 WL 4484161, *4-*5 (S.D. Cal., Nov. 7, 2006).

Except with respect to the Allowed Claims--1) the retaliation claim under the ADA, 2) the intentional infliction of emotional distress claim, to the extent it is based on the alleged retaliatory conduct, and 3) the request for punitive damages based on the alleged intentional infliction of emotional

distress, the court strikes all other claims asserted in the Amended Complaint and denies Larson's countermotion for leave to amend his Complaint to add the stricken claims.

III.     TO THE EXTENT LIBERTY MUTUAL SEEKS DISMISSAL OF THE ALLOWED CLAIMS, THE MOTION IS DENIED.

Larson was granted leave to file an amended complaint asserting retaliation in violation of the ADA.  Liberty Mutual seeks dismissal of Larson's retaliation claim under the ADA, arguing that the claim is based on Larson's exercise of his right to social security disability benefits, rather than rights under the ADA.  See Amended Complaint ¶ 7 ("After Plaintiff exercised his Americans with Disabilities Act . . . rights through the Hawaii Disability Rights [Center], Liberty Mutual . . . [retaliated]"); Amended Complaint, Ex. 1 (May 7, 2003, letter from the Hawaii Disability Rights Center to Larson, stating that Larson was awarded social security disability benefits, and that Larson's case with the Hawaii Disability Rights Center was completed).  In his opposition, Larson does not dispute Liberty Mutual's characterization of the basis of his retaliation claim.  Nevertheless, this court must accept as true Larson's allegation that he exercised rights under the ADA.

At the hearing, the court attempted to have Larson clarify his claim that he had exercised his ADA rights through the Hawaii Disability Rights Center.  Larson's responses to the court's questions did not so clarify his claim.  Given the

11

court's inability to definitively determine what rights Larson allegedly exercised, and interpreting the Amended Complaint in the light most favorable to Larson, the court denies Liberty Mutual's motion to dismiss to the extent it contends that Larson failed to allege that he had exercised rights under the ADA and was subsequently retaliated against based on the exercise of those rights.

The court also declines to dismiss the intentional infliction of emotional distress claim to the extent it is based on the alleged retaliatory conduct. The court also allows Larson's request for punitive damages to the extent based on the alleged intentional infliction of emotional distress.

Although the court is denying the motion to dismiss with respect to the Allowed Claims, Larson should not interpret this ruling as an indication that this court thinks he has valid causes of action. It may well be that Liberty Mutual will prevail on the identical argument raised in a subsequent motion after the factual bases of the retaliation claim are established through discovery. If Liberty Mutual prevails on the retaliation claim, it will also prevail on the derivative intentional infliction of emotional distress claim and the request for punitive damages based on that emotional distress claim.

IV.     CONCLUSION.

Except for the Allowed Claims (the retaliation claim under the ADA, the intentional infliction of emotional distress claim, to the extent it is based on the alleged retaliatory conduct, and the request for punitive damages based on the alleged intentional infliction of emotional distress), the court strikes all claims asserted in the Amended Complaint and denies Larson's request for leave to file the stricken claims.  With respect to the Allowed Claims, the court denies Liberty Mutual's motion to dismiss.  This order grants in part and denies in part the motions filed as Docket Nos. 46 and 49 and leaves for further adjudication only the Allowed Claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Larson v. Liberty Mutual; Civil No. 09-00308 SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S COUNTERMOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT