IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LONNIE E. LARSON, | ) | CIVIL NO. 09-00308 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| LIBERTY MUTUAL FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.       INTRODUCTION AND BACKGROUND.

       Plaintiff Lonnie E. Larson alleges that he was struck by lightning while working for Altres Staffing, Inc.  Larson seeks worker's compensation benefits for his resulting injuries, suing the worker's compensation insurance carrier for Altres, Defendant Liberty Mutual Fire Insurance Company.  Given this court's earlier orders, only three claims remain for adjudication: 1) a retaliation claim under the Americans with Disabilities Act ("ADA") (Count IV); 2) a claim for intentional infliction of emotional distress ("IIED") based on the conduct underlying the ADA retaliation claim (Count V); and 3) punitive damages based on the IIED claim, but not the ADA retaliation claim (Count VI).

       The First Amended Verified Complaint asserts that Larson was retaliated against for exercising his ADA rights with the Hawaii Disability Rights Center.  See First Amended Verified

Complaint ¶ 7, March 1, 2010, ECF No. 44 ("After Plaintiff exercised his Americans with Disabilities Act . . . rights through the Hawaii Disability Rights [Center], Liberty Mutual . . . [retaliated]").

In relevant part, Liberty Mutual moves for summary judgment, arguing that Larson cannot show that he was retaliated against for exercising ADA rights with the Hawaii Disability Rights Center.  Liberty Mutual argues that Larson was seeking social security disability benefits, rather than asserting rights under the ADA. <u>See</u> First Amended Verified Complaint, Ex. 1 (May 7, 2003, letter from the Hawaii Disability Rights Center to Larson, stating that Larson was awarded social security disability benefits, and that Larson's case with the Hawaii Disability Rights Center was completed).  Because this court agrees that Larson has not demonstrated an issue of fact as to whether he exercised rights under the ADA with the Hawaii Disability Rights Center, summary judgment is granted in favor of Liberty Mutual on the ADA retaliation claim.  Summary judgment is also granted in favor of Liberty Mutual on the IIED and punitive damages claims, as those claims are predicated on Liberty Mutual's alleged retaliation against Larson based on Larson's purported exercise of ADA rights with the Hawaii Disability Rights Center.

II.        SUMMARY JUDGMENT STANDARD.

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006).  Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See Celotex, 477 U.S. at 323.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987.

3

"A fact is material if it could affect the outcome of the suit under the governing substantive law."  Miller, 454 F.3d at 987.

When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything."  In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.  Nissan Fire, 210 F.3d at 1102-03.  On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."  Miller, 454 F.3d at 987.  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).  The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial."  Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be

enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

III.    ANALYSIS.

The anti-retaliation provision of the ADA, 42 U.S.C. § 12203(a), provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Courts examining this provision identify three essential elements that a plaintiff must establish: 1) that the plaintiff engaged in statutorily protected activity; 2) that the plaintiff suffered an adverse action; and 3) that the adverse action was causally related to the protected activity. See Coons v. Sec'y of U.S. Dep't Treasury, 383 F.3d 879, 887 (9th Cir. 2004); accord Higdon v. Jackson, 393 F.3d 1211, 1219 (3d Cir. 2004); Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002); Cossette v. Minn. Power & Light, 188 F.3d 964, 972 8th Cir. 1999).

Liberty Mutual seeks summary judgment with respect to Larson's retaliation claim under the ADA, arguing that the claim

is based on Larson's exercise of his right to social security disability benefits, rather than rights under the ADA. See Amended Complaint ¶ 7 ("After Plaintiff exercised his Americans with Disabilities Act . . . rights through the Hawaii Disability Rights [Center], Liberty Mutual . . . [retaliated]"); Amended Complaint, Ex. 1 (May 7, 2003, letter from the Hawaii Disability Rights Center to Larson, stating that Larson was awarded social security disability benefits, and that Larson's case with the Hawaii Disability Rights Center was completed). In other words, Liberty Mutual argues that Larson cannot establish that he engaged in a protected activity under the ADA. This court agrees and grants summary judgment in favor of Liberty Mutual. The court therefore does not reach Liberty Mutual's other arguments.

An ADA retaliation claim is viable if it is based on the exercise of rights under chapter 126 of Title 42, United States Code. See 42 U.S.C. § 12203(a). The exercise of social security disability rights is not an exercise of rights under that chapter. Instead, social security rights are governed by chapter 7 of Title 42. Because the factual predicate alleged in the First Amended Verified Complaint is solely based on Larson's alleged exercise of social security rights, not rights under the ADA, Larson fails to establish the element that he engaged in an activity protected under the ADA. For that reason, summary

judgment is granted in Liberty Mutual's favor on the ADA retaliation claim.

Because Larson's IIED claim is based on the assumption that Liberty Mutual retaliated against him because he exercised rights under the ADA, that claim fails as well.  Larson's punitive damages claim also fails because it is based on the viability of his IIED claim.

The court is unconvinced by Larson's argument that he is unable to oppose the motion for summary judgment because of Liberty Mutual's alleged refusal to provide him with discovery.  Discovery is not relevant to whether Larson exercised rights under the ADA, as opposed to the social security system.

In his opposition to the motion, Larson claims that Liberty Mutual retaliated against him based on his exercise of rights under the ADA with the Department of Justice, the Governor of the State of Hawaii, and United States Senators.  See Opposition at 13, Sept. 24, 2010, ECF No. 73.  As none of these claims is asserted in the First Amended Verified Complaint, they cannot form the basis for any recovery.  If Larson wishes to assert these claims, he may file a motion seeking leave to file a second amended complaint with the Magistrate Judge assigned to this case.

If Larson seeks leave to file a second amended complaint, he must attach to that motion the second amended

complaint that he is proposing to file.  Any second amended complaint should set forth the facts supporting the claimed violations of § 12203(a).  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Any motion for leave to file a second amended complaint must be filed no later than October 22, 2010.  If Larson does not seek leave to file a second amended complaint, the Clerk of Court will automatically enter judgment in favor of Liberty Mutual on or after October 25, 2010.  This court expresses no opinion as to whether Larson should be granted leave to file an amended pleading.

IV.     CONCLUSION.

For the foregoing reasons, Liberty Mutual's motion for summary judgment, ECF No. 61, is granted.  Larson may seek leave of court to file a second amended complaint no later than October 22, 2010.  If no such motion is filed, the Clerk of Court is directed to automatically enter judgment in favor of Liberty Mutual and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 28, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Larson v. Liberty Mutual; Civil No. 09-00308 SOM/BMK; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT