IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
LONNIE E. LARSON,              )    CIVIL NO. 09-00308 SOM/BMK
                               )
        Plaintiff,             )    ORDER ADOPTING AND AFFIRMING
                               )    MAGISTRATE JUDGE ORDER
    vs.                        )    DENYING PLAINTIFF'S MOTION TO
                               )    FILE A SECOND AMENDED
LIBERTY MUTUAL FIRE INSURANCE  )    COMPLAINT
COMPANY,                       )
                               )
        Defendant.             )
_____)
```

ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE ORDER DENYING
PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

This case has a long history. As summarized in Defendant Liberty Mutual Fire Insurance Company's Response to Appeal From Denial of Motion for Leave to File Second Amended Complaint, Jan. 12, 2011, ECF No. 85, on September 28, 2010, the court granted summary judgment in favor of Liberty Mutual and against Plaintiff Lonnie Larson. This was the third dispositive motion adjudicated in this case. see Order Dismissing Complaint, Feb. 11, 2010, ECF No. 42; Order Granting in Part and Denying in Part Defendant's Motion to dismiss, May 13, 2010, ECF No. 56; Order Granting Defendant's Motion for Summary Judgment, Sept. 28, 2010, ECF No. 76.

In relevant part, the court granted summary judgment in favor of Liberty Mutual and against Larson on his retaliation claim under the Americans with Disabilities Act ("ADA"). See Order Granting Defendant's Motion for Summary Judgment, Sept. 28, 2010, ECF No. 76. The court ruled that the evidence submitted by

Larson indicated that he had premised his retaliation claim on his exercise of Social Security disability benefits, not the exercise of rights under the ADA, making the anti-retaliation provision of the ADA inapplicable.  However, because Larson's Opposition had raised for the first time claims of retaliation based on Larson's alleged exercise of ADA rights with the Department of Justice, the Governor of the State of Hawaii, and United States Senators, the court allowed Larson to file a motion seeking leave to file a second amended complaint that asserted such ADA retaliation claims.  See id. at 7.  Because of Larson's long history of questionable claims, the court intended that any second amended complaint be limited to retaliation claims under the ADA.  See id.

On October 21, 2010, Larson filed a motion for leave to file the proposed second amended complaint attached to the motion.  See ECF No. 79.  The proposed second amended complaint was not limited to retaliation claims under the ADA.  Instead, Larson also attempted to insert what he claimed were newly discovered claims that had arisen since the filing of the original Complaint.

On December 16, 2010, Magistrate Judge Barry M. Kurren denied Larson's request to file the proposed second amended complaint.  See ECF No. 83.  With respect to the ADA retaliation claims, Magistrate Judge Kurren reasoned that Larson's proposed

2

amended complaint would be futile because Larson had failed to allege a plausible adverse action that was causally related to any conduct protected by the ADA.  Id. at 2.  Magistrate Judge Kurren noted that Liberty Mutual's initial denial of Larson's workers' compensation claim preceded the alleged exercise of rights under the ADA with the Department of Justice, the Governor of the State of Hawaii, and United States Senators.  Id. at 2-3.  Accordingly, Magistrate Judge Kurren reasoned that a motion to dismiss or a motion for summary judgment relating to Larson's proposed ADA retaliation claims would succeed.  Id. at 3.  With respect to the newly discovered claims raised for the first time in the proposed second amended complaint, Magistrate Judge Kurren ruled that allowing such claims to be asserted after three dispositive motions had been adjudicated would unduly delay the resolution of this case.  Id. at 2.

On December 29, 2010, Larson appealed Magistrate Judge Kurren's denial of Larson's motion seeking leave to file his proposed second amended complaint.  This court affirms the denial of Larson's motion to file the proposed second amended complaint.

As set forth in JJCO, Inc. v. Isuzu Motors Am., Inc., 2009 WL 3818247 (D. Haw., Nov. 12, 2009), this court generally reviews a magistrate judge's decision denying leave to amend a complaint under the clearly erroneous standard.  However, even if the court applied a de novo standard to a denial based on the

futility of the proposed pleading, this court would not grant Larson leave to file the proposed second amended complaint attached to his motion.

To the extent Larson seeks to inject new claims unrelated to the ADA retaliation claim into this case, the court agrees with the Magistrate Judge that allowing such an amendment would unduly delay the adjudication of this case. Accordingly, to the extent the proposed second amended complaint seeks to assert claims unrelated to retaliation under the ADA, the order denying such an amendment is affirmed and adopted as the order of this court. This affirmance does not deprive Larson of a chance to raise those claims. Larson may, of course, file a separate lawsuit asserting those new claims. He just may not add those claims to this action.

The allegations contained in the proposed second amended complaint establish that Magistrate Judge Kurren was correct in viewing the proposed ADA retaliation claim as futile and subject to a successful motion to dismiss or motion for summary judgment. According to paragraph 11 of the proposed second amended complaint, Liberty Mutual began denying Larson's workers' compensation claim on April 18, 2002. See ECF No. 79-2. Larson says that he complained to his Senators on April 29 and June 4, 2002, but does not describe what his complaint was about. Id. ¶ 12. Larson says that Liberty Mutual again denied paying

4

workers' compensation benefits via letters dated July 7, 2002, and March 10 and 17, 2003. Id. ¶¶ 17, 24. Larson says that he then complained to Hawaii's Governor on April 5, 2005, but does not describe what his complaint was about. See id. ¶ 25. Larson says that, in March 2006, Liberty Mutual improperly demanded that Larson submit to a second independent medical examination. Id. ¶ 26. Larson says that he complained to the United States Department of Justice Civil Rights Division on December 18, 2006, but does not describe what his complaint was about. See id. ¶ 27. Larson says that Liberty Mutual requested additional medical evaluations in Hawaii despite knowing that his travel was restricted and required the use of a service dog. See id. ¶ 56. Larson's proposed second amended complaint does not identify when the service-dog-related issues arose. However, in another case filed by Larson concerning his workers' compensation benefits, Larson attached a document indicating that the service-dog-related issues arose in late 2006 or early 2007. See Larson v. Ching, Civ. No. 08-00537 SOM/KSC, ECF No. 85-18 (letter dated January 8, 2007). Larson says that, in September 2008, he made ADA complaints to the United States Department of Justice Civil Rights Division. Larson does not identify any alleged retaliation following the alleged September 2008 complaint. Id. ¶ 31.

Larson's proposed ADA retaliation claim in the Second Amended Complaint fails to satisfy the minimal pleading requirements, as it fails to allege facts demonstrating that he was retaliated against for having exercised rights under the ADA. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." (internal quotation marks omitted)); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

To the extent Larson is asserting ADA retaliation claims based on his complaints to his Senators on April 29 and June 4, 2002, the complaint to Hawaii's Governor on April 5, 2005, or the complaint to the United States Department of Justice Civil Rights Division on December 18, 2006, Larson fails to allege facts demonstrating that he was exercising rights under the ADA, as his allegations merely state that he made complaints but provide no description of the content or subject of the complaints. See ECF No. 79-2, ¶¶ 12, 25, 27. Moreover, to the extent Larson bases the retaliation claim on Liberty Mutual's denial of workers' compensation benefits in July 2002 and March

2003, the allegations do not indicate whether Liberty Mutual merely continued to deny the benefits that it had originally denied in April 2002, before Larson made any of the alleged complaints.  Id. ¶¶ 17, 24.  Accordingly, Larson's October 21, 2010, motion for leave to file his proposed second amended complaint was properly denied.

No later than February 25, 2011, Larson is given leave to file another motion with this judge, seeking leave to file a second amended complaint that asserts only a retaliation claim under the ADA based on Larson's exercise of ADA rights with his Senators, the Governor of the State of Hawaii, and the United States Department of Justice Civil Rights Division.  Any such motion shall attach the proposed second amended complaint to it.  Any proposed second amended complaint shall allege sufficient facts to demonstrate retaliation by Liberty Mutual.  To that end, it would be extremely useful if Larson attached to the proposed second amended complaint his "complaints" to the Senators, the Governor, and the Department of Justice, as well as documentation of Liberty Mutual's alleged retaliation against him.  The court is not indicating that attaching those documents will assure the granting of leave to file any proposed second amended complaint. If Larson fails to timely file a motion seeking leave to file a proposed second amended complaint, the Clerk of Court is directed to automatically close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2011.



                      /s/ Susan Oki Mollway
                      Susan Oki Mollway
                      Chief United States District Judge

Larson v. Liberty Mutual; Civil No. 09-00308 SOM/BMK; ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE ORDER DENYING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT